**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL CLAY,**

                 **Plaintiff,**

v.                                                        9:13 -CV-1314 (BKS/CFH)

**B. SCHWEBLER, Correctional Counselor;
Coxsackie Correctional Facility,**

                 **Defendant.**
_____

**APPEARANCES:**

Daniel Clay, *Plaintiff pro se*
99-A-0386
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

For Defendant:
Hon. Eric T. Schneiderman
New York State Attorney General
Melissa A. Latino, Esq., Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

       On November 13, 2014, Plaintiff pro se Daniel Clay filed an Amended Complaint under 42 U.S.C. § 1983, alleging that Defendant B. Schwebler, a correctional counselor at Coxsackie Correctional Facility, violated Plaintiff's constitutional rights under the First, Sixth, and Fourteenth Amendments. (Dkt. No. 24). On January 16, 2015, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure (Dkt. No. 31), which Plaintiff opposed. (Dkt. No. 38). The matter was referred to United States Magistrate Judge Christian F. Hummel, who issued a Report-Recommendation on April 21, 2015, recommending that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice. (Dkt. No. 40). Magistrate Judge Hummel advised the parties that they could file objections to the Report-Recommendation, and that the failure to file objections within fourteen days would preclude appellate review. (*Id.*, p. 10). The Report-Recommendation and Order was served on Plaintiff by regular mail on April 21, 2015. At Plaintiff's request, the Court granted three extensions of time to file objections to the Report-Recommendation. (Dkt. Nos. 42, 44, and 46). No objections were filed, and the final deadline to submit objections expired on July 16, 2015. (Dkt. No. 46). On July 21, 2015, the Court adopted the Report-Recommendation in its entirety, granted Defendant's motion to dismiss, and entered judgment dismissing the Amended Complaint with prejudice. (Dkt. Nos. 47, 48).[1]

On July 23, 2015, Plaintiff filed untimely objections to the Report-Recommendation, challenging the findings and conclusions of Magistrate Judge Hummel. (Dkt. No. 49). On August 26, 2015, Plaintiff filed a motion for reconsideration of the Court's Order adopting the Report-Recommendation. (Dkt. No. 50). Plaintiff asks the Court to reconsider its decision to dismiss the Amended Complaint. (*Id.*, p. 1). Plaintiff asserts that his declining mental health and emotional distress made it "difficult to comply with Court Ordered deadlines." (*Id.*).

---

[1] Since Plaintiff had not filed objections to the Report-Recommendation, the Court reviewed Magistrate Judge Hummel's findings and conclusions for clear error, and found none. (Dkt. No. 47).

In view of Plaintiff's pro se status and his explanation for his failure to file timely objections to the Report-Recommendation, the Court grants reconsideration and vacates the Order (Dkt. No. 47) and Judgment (Dkt. No. 48) dismissing the Amended Complaint. Since Plaintiff has now submitted objections (Dkt. No. 49), the Court will address the Report-Recommendation in light of the objections.

The Court reviews *de novo* those parts of a Report-Recommendation to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Under *de novo* review, the Court must "examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte v. N.Y. State Div. of Parole*, No. 04 Civ. 484, 2006 WL 149049, at *5, 2006 U.S. Dist. LEXIS 2926, at *15 (N.D.N.Y Jan. 18, 2006) (citing *United States v. Raddatz*, 447 U.S. 667, 675 (1980)). Upon *de novo* review, the Court accepts and adopts the Report-Recommendation in its entirety. Magistrate Judge Hummel accurately recounted the facts and procedural history of this case and employed the proper legal standards in analyzing Plaintiff's claims. For the reasons set forth in the Report-Recommendation, Plaintiff has failed to state a claim for violation of his right to free speech or denial of access to the courts.

It is therefore

**ORDERED** that Plaintiff's motion (Dkt. No. 50) for reconsideration is **GRANTED** and the Order (Dkt. No. 47) and Judgment (Dkt. No. 48) are **VACATED**; and it is further

**ORDERED** that upon reconsideration in light of Plaintiff's objections (Dkt. No. 49), the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 40) in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 31) is **GRANTED** and that Plaintiff's Amended Complaint (Dkt. No. 24) is **DISMISSED** in its entirety, with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff in accordance with the Local Rules; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

October 22, 2015
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge